■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALEXANDER W. CANTIE, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered April 29, 1960, convicting him upon his plea of guilty of manslaughter in the first degree, and sentencing him to serve a term of 10 to 20 years. On this appeal we directed reargument (*People* v. *Cantie,* 12 A D 2d 654), " on the question of whether the delay in trial from July 2, 1959 to March 21, 1960, constituted a deprivation of defendant's right to a speedy trial, requiring dismissal of the indictment." Such reargument has been had. Judgment affirmed. Defendant was indicted for the crime of murder in the first degree on February 27, 1959, and was arraigned and pleaded not guilty the same day. On April 6, 1959, he withdrew that plea and was permitted to plead guilty to murder in the second degree. On July 2, 1959, however, defendant was permitted to withdraw his plea of guilty and to reinstate his plea of not guilty. The case was then assigned for trial. Apparently there were adjournments thereafter, but the record is silent as to whether they were had with defendant's acquiescence or consent. On February 19, 1960 the defendant in person, although represented by counsel, forwarded to the court a paper which purported to be a notice of motion to dismiss the indictment for lack of prosecution. The notice did not state when or where the application for relief would be made, and the record does not disclose whether the so-called motion was even brought to the attention of the court. In any event, the District Attorney submitted nothing in opposition to the motion and the case proceeded to trial on March 21, 1960, without any determination of defendant's application for relief. Trial was concluded on March 25, 1960, when defendant was permitted to withdraw his plea of not guilty and to plead guilty to the crime of manslaughter in the first degree, unarmed. On April 29, 1960 the defendant was sentenced to imprisonment for an indeterminate term of from 10 to 20 years. During these proceedings defendant's motion was not once mentioned. Nor was objection to the delay in prosecution otherwise taken either during the trial or pursuant to section 480 of the Code of Criminal Procedure. Since defendant's motion was not decided there is no decision denying dismissal for lack of prosecution before us for review (Code Crim. Pro..

§ 517). In any event, under the circumstances here disclosed, defendant by proceeding to trial and judgment, without objection, waived his right, if such there was, to a dismissal for failure of the People to afford him a speedy trial (cf. *People* v. *White*, 2 N Y 2d 220; *People* v. *Begue*, 1 A D 2d 289; *People* v. *Sadler*, 4 A D 2d 963; *People* v. *Langford*, 5 A D 2d 938). Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.